UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHASE HOME FINANCE, LLC, SUCCESSOR BY
MERGER TO CHASE MANHATTAN MORTGAGE
CORPORATION,

                Plaintiff,                        SUMMARY REMAND ORDER
                                                        18-CV-5016(JS)(SIL)

    -against-

JOYCELYN P. JOHNSON, CAPITAL ONE BANK
(USA), N.A., PEOPLE OF THE STATE OF NEW
YORK, PEOPLE OF THE STATE OF NEW YORK BY
VILLAGE OF MINEOLA, JOHN DOE (said name
being fictitious, it being the intention
of Plaintiff to designate any and all
occupants of premises being foreclosed
herein, and any parties, corporations,
or entities, if any, having or claiming
any interest or lien upon the mortgaged
premises,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:         Michael J. Wrona, Esq.
                         Steven J. Baum, P.C.
                         220 Northpoints Parkway, Suite G
                         Amherst, New York 14228

For Defendants:        Jocelyn P. Johnson, pro se
                         211 East Penn Street
                         Long Beach, New York 11743

Capital One Bank, N.A.,
People of the State
 of New York,
People of the State
 of New York by
 Village of Mineola,
John Does              No appearances

SEYBERT, District Judge:

        On September 5, 2018, pro se defendant Joycelyn P.

Johnson ("Johnson") filed a Notice of Removal (Notice, Docket Entry 1, at 1-4) seeking to remove a mortgage foreclosure action from the New York State Supreme Court, Nassau County ("state court"), assigned Index No. 10-7002, to this Court (see State Summons & Compl., Docket Entry 1, at 5-9.) Johnson's sparse submission alleges that this Court has removal jurisdiction under 28 U.S.C. §§ 1332, 1441 to 1446.[1] (Notice at 2.) Johnson paid the Court's filing fee at the time she filed the Notice. For the reasons that follow, the matter is hereby summarily remanded to state court.

DISCUSSION

I. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

---

[1] The Court notes that much of Johnson's Notice has no application here and appears to have been copied from another case. For example, the Notice recites that the "Notice of Removal will be filed with the Circuit Court of the State of Maryland, Howard County. The United States District Court for the Northern District of Maryland is the proper place to file this Notice of Removal under § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending." (Notice at 1.) A review of the information maintained by the New York State Unified Court System reflects that the original action was filed in the New York State Supreme Court, Nassau County, in 2010 and is assigned Index No. 7002/2010. See https://iapps.courts.state.ny.us/webcivil (last visited on Sept. 6, 2018).

2

pending." 28 U.S.C. § 1441(a) (emphasis added). In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to removal any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, <u>together with a copy of all process, pleadings, and other papers served upon such defendant or defendants in such action</u>.

28 U.S.C. § 1446(a)(emphasis added). As to the timing of removal, subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). In addition, subsection (b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[S]tatutory procedures for removal are to be strictly construed," <u>Syngenta Crop. Prot., Inc. v. Henson</u>, 537 U.S. 28, 32, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002), and any doubts must

3

be resolved against "removability" "out of respect for the limited jurisdiction of the federal courts and the rights of the states . . . ." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citations omitted). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, as is readily apparent, Johnson has not demonstrated that her Notice of Removal was timely filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1). Johnson does not allege when she received the Summons and Complaint. However, she has included copies of the Summons and Complaint with her Notice that reflect that these documents were filed with the Clerk of Court on April 9, 2010. Moreover, the information maintained by the New York State Unified Court System reflects that Johnson filed a motion to dismiss the Complaint in state court on July 6, 2010. See https://iapps.courts.state.ny.us/webcivil (last visited on Sept. 6, 2018). Thus, Johnson logically had to have received the Complaint prior to July 6, 2010. Given that Johnson seeks to remove the action over eight years later, well-beyond the thirty-day period, her Notice of Removal is untimely. Thus, regardless of whether Johnson's Notice of Removal properly invokes this Court's jurisdiction, there is no basis in

4

law for Johnson's attempt to remove this action to federal court well after the statutory thirty-day time period has long expired.

Moreover, Johnson has not attached a copy of "all process, pleadings, and other papers" served upon her in the state court case as is required by 28 U.S.C. § 1446(a). Nor does Johnson indicate whether the other named defendants "join[ ] in or consent[ ]" to the removal of this action and the Notice of Removal is signed only by Johnson. Accordingly, this action is sua sponte remanded to the state court pursuant to 42 U.S.C. § 1447(c). See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006) (recognizing that a district court may sua sponte remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal); accord Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir. 1993); Allstate Ins. Co. v. Zhigun, No. 03-CV-10302, 2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) (remanding case to state court for failure to comply with the statutory procedural requirements); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure).

Although Johnson paid the Court's filing fee, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis

5

status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to: (1) mail a copy of this Order to all parties; (2) mail a certified copy of this Order to the Clerk of the New York State Supreme Court, Nassau County, pursuant to 42 U.S.C. § 1447(c); and (3) CLOSE this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __18__, 2018
Central Islip, New York